## GEORGE W. THAYER *vs.* JACOB BACON.

A wr.tten instrument executed by the proprietors of adjoining lands, reciting that they were desirous of having their respective lines run so that each might know his true boundary, and agreeing to employ a surveyor to run the lines and put up stakes or marks to designate each lot, and to pay the expense proportionally, is not an agreement in the nature of a submission to arbitration, so as to make the lines run by him conclusive upon the parties to it.

If lines have been run by a surveyor at the common expense of owners of adjoining lands, and boundary marks set up, and one party adopts a line thus run, and builds in con-formity with it, the other party is not thereby estopped from claiming that it is not the true line, if it does not appear that he knew that the other was incurring expense upon the faith of a supposed agreement to treat the line thus run as the true one.

WRIT OF ENTRY to recover a narrow strip of land lying east of Harrison Avenue, in Boston, occupied by the tenant as a wharf.

At the trial in the superior court, before *Ames,* J., it appeared that the demandant, the tenant, and some other proprietors of adjoining flats executed the following agreement :

" Boston, November 4th 1853. We, the undersigned, owners of wharves and flats east of Harrison Avenue, are desirous of having our respective lines run so as each of us may know our boundary. We severally agree to employ Mr. Alexander Wads-worth to run said lines, and put up stakes or marks to designate each lot, and we further agree to pay our proportion of the ex-pense of the same."

In pursuance of this agreement, the lines were run and stakes set up, and in January 1855 the tenant began building his wharf, in conformity with the lines so run, and finished it in about six months, and a quitclaim deed was written upon the back of the plan drawn by the surveyor, assenting to and establishing the lines laid down by him, which was signed by the tenant and some of the other parties interested, but not by the demandant · and the deed was never recorded or acknowledged by any of those who signed it.

A verdict was returned for the demandant, under instructions vhich are stated in the opinion, and the tenant alleged excep-ons.

*G. E. Betton,* for the tenant.

*G. O. Shattuck,* for the demandant.

HOAR, J. It is well settled by a series of decisions in this commonwealth, that an award of arbitrators, under a submission by which they are authorized to fix and establish the boundary line between the estates of adjacent proprietors, is conclusive upon the parties, and that they are estopped to dispute the boundary thus ascertained and settled. *Searle* v. *Abbe,* 13 Gray, 409, and cases there cited. And if the instrument upon which the defendant relies is to be construed as an agreement to submit to arbitration the line between him and the plaintiff, the ruling of the court at the trial was wrong, and a new trial must be granted. But we cannot so construe it. The signers of the paper say that they are desirous of having their respective lines run so that each of them may know their boundary; and they severally agree to employ Mr. Wadsworth to run said lines and put up stakes or marks to designate each lot, and agree to pay their proportion of the expense. We seek in vain for the usual and apt words to constitute a submission to arbitration. It does not appear that there was any controversy between the owners, anything requiring a notice or hearing, or decision of conflicting claims. So far as the paper shows, the service expected of Mr. Wadsworth was simply ministerial. There is no agreement to adopt and abide by whatever lines he may determine. Such an agreement, indeed, would not be necessary, but would be implied by law from an explicit agreement to submit to arbitration; but where no such stipulation is clearly made, it does not seem to us to result from the employment of a surveyor to run lines. A contract which should substitute for the true line between estates that which might be run, however mistakenly, by a surveyor, should indicate such an intention of the parties making it in clear and unambiguous terms. The most that can be said of the paper introduced by the defendant is, that it is not inconsistent with such an intention; but it does not expressly prove it.

The only other ground of exception upon which the defendant has relied at the argument is, the refusal of the judge who

presided at the trial to give the instructions prayed for in regard to an alleged estoppel *in pais*, and to the instructions which were given to the jury upon that point. The instruction asked was this : " That if the jury believe that the tenant, acting in good faith, relying upon said agreement to run the lines to designate their lots, built his wharf upon or within the lines so ascertained, and released any right he had to lines further south, which he would not have done but for said agreement, then the demandant is estopped by said agreement to claim any land covered by said lines, so ascertained as the tenant's flats." It is very clear that this instruction would not have been warranted by law. An estoppel *in pais* must arise from some act of the party against whom the estoppel is claimed. If the demandant, with a knowledge or reason to believe that the tenant supposed the lines run by the surveyor were the true lines, stood by, and allowed the tenant, without notice or objection, to make expensive outlays upon the premises, he might be estopped from denying that he had adopted the line which was the basis of the tenant's action. But the prayer for instructions wholly omits the element of any knowledge by the demandant of the tenant's expenditures.

The instruction which was given was undoubtedly correct as an abstract proposition : " That if there had been a general agreement among all the owners to establish new division lines, which agreement fell through because some of them refused to execute the subsequent conveyances necessary to complete the arrangement, it would not estop the demandant from claiming in this action." Certainly an agreement that fell through because it was never completed would not estop anybody. The only doubt we have in relation to it is, whether it gave the jury a sufficient direction upon the point which the tenant wished should be submitted to them, and which he probably intended to present in his prayer for instructions, although it was imperfectly expressed. That the agreement was not conclusive, had already been decided ; and the instruction does not allude to the subsequent acts of the tenant, in incurring expense upon the faith of his understanding that the line had been settled.

We were led to apprehend from these considerations that the true point in issue had not been presented to the mind of the jury, and that there had consequently been a mistrial. But on examining all the evidence reported, we do not find that the tenant showed or offered to show that the demandant knew or had notice of the fact that he was expending money on the faith of a supposed agreement as to the lines. As no request for instructions was made which included the fact of such knowledge, and as it does not appear that any ground for such instructions existed upon the evidence, it is not a sufficient reason to disturb the verdict, that the judge omitted to explain to the jury what would have been sufficient to create an estoppel.

*Exceptions overruled.*